## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ALEXANDRA MILSPAW AND SAMUEL COUCHARA | : : : | Case No.: 21-11517-pmm |
| Debtors. | : | Chapter 13 |

| | | |
|---|---|---|
| ALEXANDRA MILSPAW AND SAMUEL COUCHARA | : : | Objection to Proof of Claim |
| | : | 11 U.S.C. § 502(b)(1) |
| Objectants, | : : | |
| v. | : : : | **HEARING DATE: February 17, 2022** **HEARING TIME: 11:00 a.m.** **HEARING PLACE: 4th Floor** |
| QUANTUM3 GROUP LLC, AS AGENTS FOR COMENITY CAPITAL BANK | : : : | **The Gateway Building** **201 Penn Street** **Reading, PA 19601** |
| Claimant. | : | |

### DEBTORS' OBJECTION TO PROOF OF CLAIM 7 OF QUANTUM3 GROUP LLC, AS AGENTS FOR COMENITY CAPITAL BANK

AND NOW, comes Alexandra Milspaw and Samuel Couchara (heretofore referred to as the "Debtors"), by and through their attorney, Patrick J. Best, Esquire, of ARM Lawyers, who hereby objects to Claim 7 filed by Quantum3 Group LLC, as agents for Comenity Capital Bank (heretofore referred to as the "Creditor") as follows:

1. The instant Bankruptcy was filed on May 27, 2021.

2. On July 28, 2021, Creditor filed its Proof of Claim, indexed at Claim No. 7, attached herewith as "Exhibit A."

3. In their Proof of Claim, Creditor states an alleged unsecured debt, $15,817.85.

4. Creditor further represents that it is serving as "agent for Comenity Capital Bank", the original creditor.

5. There is no documentation provided indicating that Creditor actually acquired any alleged debt from Comenity Bank or that Creditor has the ability to act on Comenity Bank's behalf.

6. Debtor has requested additional information pursuant to Fed. R. Bankr. P. 3001(c)(3)(b) but has not yet received any response.

7. Debtor believes, and therefore avers, that Creditor did not actually acquire the right to collect any debt from Debtor which would be owed to Comenity Bank.

8. "[I]t is not sufficient that the debtor owes someone money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim." In re King, Bk. No. 08–13152–SSM, 2009 WL 960766 (Bankr.E.D.Va. 2009).

9. Further, Debtor avers that even if Creditor were properly assigned an alleged debt from Comenity Bank, such a debt should be disallowed pursuant to 11 U.S.C. 502(b)(1) in that this claim is unenforceable against the debtor pursuant to Pennsylvania law.

10. More specifically, Debtor disputes that a contract exists and Creditor has produced no evidence that such a contract exists.

11. Thus, if Debtor were not in bankruptcy, neither Creditor nor Comenity Bank would be able to sustain an action against Debtor in state court.

12. As this Court has held, "the failure to produce the original documentation with the Debtor's signature is fatal to the creditor's argument to refute the Objection by the Debtor that she does not owe any debt to this Claimant." In re Snedeker, Bk. No. 5:17-bk-01399-JJT, Doc. 276, p. 8 (Bankr.M.D.Pa. July 25, 2018).

13. Debtors are not liable for this alleged debt under state law.

**WHEREFORE**, Debtors respectfully request that this Honorable Court enter an Order disallowing Claim 7 for the reasons set forth above.

Date: <u>January 11, 2022</u>          <u>/s/ Patrick J. Best</u>
Patrick J. Best, Esq.
ARM Lawyers
18 N. 8th St.
Stroudsburg PA 18360
570-420-7431